**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
(EASTERN DIVISION)

| | |
|---|---|
| **CHICAGO TITLE INSURANCE COMPANY**<br>601 Riverside Avenue<br>Jacksonville, FL 32204 | Case No.<br><br>Judge |
| Plaintiff, | |
| v. | |
| **REMAJ, LLC**<br>c/o Rebecca E. Mayer, statutory agent<br>PO Box 985<br>Waynesville, OH 45068 | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Chicago Title Insurance Company ("Plaintiff"), by and through undersigned counsel, for its Complaint for Declaratory Judgment against Defendant REMAJ, LLC ("Defendant"), states as follows:

## The Parties / Diversity Jurisdiction

1. Plaintiff has been, at all times relevant, a Florida corporation with its principal/primary place of business in Jacksonville, Florida and is a "title insurance company" as defined by R.C. 3953.01(C). A true and accurate copy of the Plaintiff's Certificate of Domestication is attached hereto as Exhibit A.

2. Defendant is an Ohio limited liability company.

3. Defendant maintains a principal place of business or otherwise maintains an office and/or conducts business in the State of Ohio.

4. Jurisdiction exists under 28 U.S.C. § 1332(a)(1) on the basis of diversity of citizenship of the parties.

5. The amount in controversy exceeds the sum of $75,000.00.

6. Venue properly exists under 28 U.S.C. §1391, since the acts and omissions giving rise to the claims herein occurred, in whole or part, in the Southern District of Ohio, Eastern Division.

7. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 or otherwise to determine and declare the rights of Plaintiff and Defendant.

## The Transaction

8. Vylee F. Greaves, married, is the record owner of 85.862 acres commonly known as 0 Stahl Road, Orient, Franklin County, Ohio (PPN: 230-00239-00) ("Real Estate") via Amended Certificate of Transfer filed for record as Franklin County Instrument No. 199901120008710.

9. On or about May 19, 2025, Defendant, as the Buyer, entered into a Real Estate Purchase Contract to purchase the Real Estate for $1,159,137.00. A true and accurate copy of the Real Estate Purchase Contract is attached hereto as Exhibit B.

10. In conjunction with the Real Estate Purchase Contract, Apex Title Agency, Ltd. ("Apex"), a title insurance agent as defined by R.C. 3953.01(H), was engaged by one or more of the parties relative to the proposed transaction.

11. On or about May 15, 2025, Apex issued an ALTA Commitment for Title Insurance on behalf of Plaintiff to Defendant, as the Proposed Insured as defined in the Commitment, relative to the proposed transaction as to the Real Estate. A true and accurate copy of the Commitment is attached hereto as Exhibit C.[1]

12. The Commitment provides in pertinent part:

**NOTICE**

> IMPORTANT—READ CAREFULLY: THIS COMMITMENT IS AN OFFER TO ISSUE ONE OR MORE TITLE INSURANCE POLICIES. ALL CLAIMS OR REMEDIES SOUGHT AGAINST THE COMPANY INVOLVING THE CONTENT OF THIS COMMITMENT OR THE POLICY MUST BE BASED SOLELY IN CONTRACT.
>
> ***
>
> THE COMPANY'S OBLIGATION UNDER THIS COMMITMENT IS TO ISSUE A POLICY TO A PROPOSED INSURED IDENTIFIED IN SCHEDULE A IN ACCORDANCE WITH THE TERMS AND PROVISIONS OF THIS COMMITMENT. THE COMPANY HAS NO LIABILITY OR OBLIGATION INVOLVING THE CONTENT OF THIS COMMITMENT TO ANY OTHER PERSON.

**COMMITMENT TO ISSUE POLICY**

> Subject to the Notice; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and the Commitment Conditions, Chicago Title Insurance Company, a Ohio Corporation (the 'Company"), commits to

[1]The Commitment incorrectly recites that Plaintiff is an Ohio corporation. As noted in paragraph 1 above, Plaintiff was a Florida corporation when the Commitment was issued and continues to be a Florida corporation.

Issue the Policy according to the terms and provisions of this Commitment. This Commitment is effective as of the Commitment Date shown In Schedule A for each Policy described in Schedule A, only when the Company has entered in Schedule A both the specified dollar amount as the Proposed Amount of Insurance and the name of the Proposed Insured.

If all of the Schedule B, Part I—Requirements have not been met within 90 Days after the Commitment Date, this Commitment terminates and the Company's liability and obligation end.

**COMMITMENT CONDITIONS**

5. LIMITATIONS OF LIABILITY

***

f. The Company Is not obligated to Issue the Policy referred to in this Commitment unless all of the Schedule B, Part I—Requirements have been met to the satisfaction of the Company.

7. IF THIS COMMITMENT IS ISSUED BY AN ISSUING AGENT

The issuing agent is the Company's agent only for the limited purpose of issuing title Insurance commitments and policies, The Issuing agent is not the Company's agent for closing, settlement, escrow, or any other purpose.

SCHEDULE B, PART I—Requirements

All of the following Requirements must be met:

4. Documents satisfactory to the Company that convey the Title .... to be Insured … must be properly authorized, executed, delivered, and recorded In the Public Records.

See Exhibit C.

13. On or about June 17, 2025, Vylee F. Greaves, a married woman, and Santiago Sassy Greaves, for the purpose of releasing dower as to the Real Estate, purportedly executed a General Warranty Deed in favor of Defendant. A true and accurate copy

of the General Warranty Deed, minus legal description, is attached hereto as Exhibit D.

14. The General Warranty Deed purports to have been executed and acknowledged in Vietnam. See Exhibit D.

15. The closing was scheduled for July 2, 2025.

16. At closing, Defendant, having previously made a $20,000.00 earnest money deposit, funded approximately $1,137,653.19 to Apex as consideration for purchasing the Property.

17. Upon information and belief, Apex disbursed approximately $1,078,771.86 of the $1,137,653.19 received from Defendant to one or more bank accounts held in Vietnam believed by Apex to be associated with Vylee F. Greaves.

18. Apex, upon disbursing sale proceeds, attempted to transfer record title ownership of the Real Estate to Defendant by recording the General Warranty Deed.

19. The Franklin County Auditor and/or Recorder refused to accept the General Warranty Deed for recording, upon information and belief, on the basis that the General Warranty Deed was a forgery such that the same was not properly authorized, executed, delivered by Vylee F. Greaves.

20. Indeed, upon information and belief, Vylee F. Greaves, the record owner of the Real Estate, was unaware of the transaction, had no affiliation with the purported Seller under the Real Estate Purchase Contract and did not receive any portion of the $1,078,771.86 disbursed by Apex.

21. Plaintiff has determined, given the Franklin County Auditor and/or Recorder's refusal to accept the General Warranty Deed for recording, that there do

not exist any documents capable of being properly authorized, executed, delivered, and recorded so as to convey title to the Real Estate to Defendant relative to the transaction evidenced by the Real Estate Purchase Contract and/or Commitment.

22. Defendant has requested that a Policy of Title Insurance be issued by or on behalf of Plaintiff to Defendant relative to the Real Estate.

23. In seeking the issuance of a Policy of Title Insurance, Defendant ostensibly seeks coverage under said Policy.

**The Dispute**

24. The dispute between Plaintiff and Defendant as to Plaintiff's obligation under the Commitment, if any, relative to the transaction is justiciable.

25. A judgment by this Court would settle the controversy between Plaintiff and Defendant relative to the Commitment.

26. Plaintiff, based upon Commitment Condition 5(f) and Schedule B, Part I, seeks a judicial declaration that Plaintiff is not obligated to issue a Policy of Title Insurance to Defendant relative to the Real Estate and that Plaintiff has no further obligation to Defendant relative to the transaction or the Real Estate.

WHEREFORE, Defendant respectfully requests that this Court:

(a) declare that Plaintiff has no obligation to issue a Policy of Title Insurance to Defendant relative to the Real Estate;

(b) declare that Plaintiff has no obligation to Defendant relative to the transaction or the Real Estate; and

(c) all other relief, legal and equitable, that Plaintiff is entitled.

Respectfully Submitted,

PLUNKETT COONEY

**/s/ David L. Van Slyke**

David L. Van Slyke (No. 0077721)
716 Mt. Airyshire, Suite 150
Columbus, Ohio 43215
Main: 614/629-3000
Direct: 614/629.3006 (Van Slyke)
Fax 614/629-3019
dvanslyke@plunkettcooney.com
*Counsel for Plaintiff*